DECISION
{¶ 1} Relator, Walter D. Pyle, commenced this original action requesting that this court issue writs of mandamus and procedendo ordering respondent, the Honorable John P. Bessey, judge of the Franklin County Court of Common Pleas, to order discovery to proceed in relator's action pending in that court, and to conduct a trial on the issue of whether a valid and enforceable arbitration agreement exists between relator and the defendant in the court of common pleas case.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that the court dismiss relator's complaint sua sponte because relator's claims are barred by the doctrine of collateral estoppel. Specifically, the magistrate determined that the very same issues that relator seeks to litigate in the within action were decided by this court in the recent decision entitled Pylev. Wells Fargo Financial, 10th Dist. No. 05AP-644, 2005-Ohio-6478.
 {¶ 3} Relator objects to the magistrate's decision on the sole basis that the Pyle case was wrongly decided. But collateral estoppel bars relitigation of issues that previously were actually and necessarily determined by a court of competent jurisdiction, whether or not the parties agree with that court's determination. Because the issues raised in relator's complaint were actually and necessarily determined in Pyle, they cannot be relitigated in this action.
 {¶ 4} Based upon an independent review of the record, relator's objections to the magistrate's decision are overruled. We adopt the magistrate's decision, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we sua sponte dismiss relator's complaint.
Objections overruled; action dismissed.
Petree and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Walter D. Pyle, : Relator, : v. : No. 05AP-394 The Honorable John P. Bessey, : (REGULAR CALENDAR) Franklin County Court of Common Pleas, : Respondent. :
 MAGISTRATE'S DECISION Rendered on January 23, 2006. Law Offices of James P. Connors, and James P. Connors, for relator.
Ron O'Brien, Prosecuting Attorney, and Mary Jane Martin,
for respondent.
 IN MANDAMUS/PROCEDENDO ON SUA SPONTE DISMISSAL {¶ 5} Relator, Walter D. Pyle, has filed this original action requesting that this court issue writs of mandamus and procedendo to compel respondent, John P. Bessey, Judge of the Franklin County Court of Common Pleas, to order discovery in relator's action pending in the Franklin County Court of Common Pleas and ordering respondent to conduct a trial on the merits of the arbitration issue. Further, relator requests that respondent be prohibited from issuing further orders denying discovery and denying relator's request for a trial.
Findings of Fact:
 {¶ 6} 1. Relator filed the within action on April 21, 2005.
 {¶ 7} 2. Following a telephone conference, further proceedings were stayed pending this court's disposition of a related action before this court wherein relator herein was the plaintiff.
 {¶ 8} 3. On December 6, 2005, this court rendered its decision in Pyle v. Wells Fargo Financial, Franklin App. No. 05AP-644, 2005-Ohio-6478. In that opinion, this court set out the following facts which are relevant to the within mandamus/procedendo action:
On June 7, 1999, appellant entered into a loan agreement with appellee Wells Fargo Financial ("Wells Fargo") relating to his purchase of a used vehicle. At the same time, appellant also executed a credit involuntary unemployment insurance agreement ("insurance agreement") underwritten by appellee Centurion Casualty Company ("Centurion"). Pursuant to the insurance agreement, Wells Fargo purchased a collateral protection insurance policy from Centurion, on appellant's behalf, and increased appellant's monthly payments to cover that cost. Appellant alleges he never read any of the documents, did not receive copies of them, was not advised of any of the terms of the various agreements (other than the monthly payment amount) and was never told that he had purchased the insurance.
Shortly after purchasing the vehicle, appellant lost his job. Appellant contends he advised Wells Fargo that he would be unable to make payments due to his unemployment, but Wells Fargo encouraged him to continue to make payments anyway. According to appellant, Wells Fargo represented to him that it would not repossess the vehicle if he continued to make payments. Appellant asserts he continued to send at least partial payments, but Wells Fargo repossessed the vehicle from a repair shop in late 1999. The truck was sold at auction in early 2000. Wells Fargo obtained a deficiency judgment against appellant and his father who had co-signed appellant's loan.
On January 6, 2003, appellant filed an action against appellees alleging claims for misrepresentation, breach of contract, bad faith, civil conspiracy, and violations of the Ohio Consumer Practices Act and the Truth in Lending Act. Appellant sought damages and a declaratory judgment. On February 14, 2003, appellees filed a motion to compel arbitration and to stay or dismiss the proceedings. Appellees contended that appellant executed two separate arbitration agreements that encompassed all of appellant's claims and provide for the exclusive remedy of arbitration.
On May 22, 2003, appellees filed a motion to stay discovery. Appellees argued that in order to protect their arbitration rights, discovery should be delayed at least until after the court could rule on the motion to compel arbitration or to stay proceedings. Appellant opposed any delay of discovery and continued to make requests for documents and admissions. On June 12, 2003, appellees moved for a protective order to prevent discovery. Appellant then filed a motion to compel discovery.
On November 17, 2003, without holding a hearing, the trial court granted appellees' motion to compel arbitration. Also on November 17, 2003, by separate decision, the trial court denied as moot appellees' motion to stay discovery, appellees' motion for a protective order, and appellant's motion to compel discovery. On December 18, 2003, the trial court filed an entry of dismissal which granted the motion to compel arbitration and to stay or dismiss proceedings and dismissed the action subject to arbitration.
Appellant appealed those decisions to this court asserting the trial court erred by: (1) granting the motion to compel; (2) failing to hold a hearing; and (3) denying all discovery. On September 16, 2004, this court issued a decision reversing the trial court and remanding the matter for further consideration. We held: (1) the trial court was not required to hold any type of hearing or trial on the motion to stay proceedings; (2) the making of the arbitration agreement was sufficiently in issue so as to require a trial pursuant to R.C. 2711.03(B) and the corresponding provision of Section 4 of the Federal Arbitration Act before ruling on the motion to compel arbitration; and (3) the trial court was incorrect in characterizing the discovery motions as moot. Pyle v. Wells Fargo Financial, Franklin App. No. 04AP-6, 2004-Ohio-4892.
Upon remand, the trial court set a hearing before a magistrate on appellees' motion to compel arbitration. Prior to the hearing, appellees withdrew their motion to compel arbitration, but renewed their motion to stay proceedings pending arbitration. The magistrate's hearing was then cancelled. On March 22, 2005, without a hearing, the trial court granted appellees' motion to stay the case. The trial court also denied all requests for discovery. * * *
Id. at ¶ 2-8.
 {¶ 9} 4. Relator (appellant) appealed from the March 22, 2005 decision of the trial court, respondent herein, and argued that the trial court had erred by compelling an arbitration, by denying discovery, and by staying the trial court proceedings pending arbitration. This court cited and reviewed the pertinent statutes which relate to the enforcement of arbitration agreements. This court reiterated that a decision to stay a case pending arbitration is reviewed under an abuse of discretion standard, that "[a] presumption favoring arbitration over litigation arises when the claim in dispute falls within the scope of an arbitration provision. This presumption applies even when the case involves some arbitrable and some non-arbitrable claims; with non-arbitrable claims being determined by a court after completion of arbitration." Id. at ¶ 12. (Citations omitted.) Thereafter, this court repeated that a trial court is not required to hold a hearing on a motion to stay, but only that the court be satisfied that the issue is referable to arbitration. After reviewing the record and the trial court's (respondent's) determination, this court found that the trial court was satisfied that the issues before it were referable to arbitration under the written arbitration agreements and found no basis for reversal. As such, this court affirmed the trial court's (respondent's) decision to stay the case pending arbitration.
 {¶ 10} 5. In this mandamus/procedendo action, relator asserts the exact same issues which he raised in his appeal and which were addressed by this court in Pyle.
 Conclusions of Law:
 {¶ 11} The doctrine of res judicata provides that where a final judgment or decree has been rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, such judgment or decree constitutes a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them. See Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379. Collateral estoppel, an aspect of res judicata, prevents an issue that has been actually and necessarily determined by a court of competent jurisdiction in the first cause of action from being relitigated between the same parties or their privies in a second, different, cause of action. Id.
 {¶ 12} This court has already determined that respondent's decision to stay the underlying case pending arbitration did not constitute an abuse of discretion and that relator did not demonstrate a basis for reversal of that underlying decision. This court's decision constitutes res judicata relative to the within matter inasmuch as relator is seeking, by way of mandamus and procedendo, to compel respondent to hear the matter on the merits and permit discovery. By finding that the trial court did not err in staying the matter, this court already found that respondent's order did not compel arbitration and that it was appropriate for the court to also deny a request to compel discovery where the matter was stayed. As such, the magistrate finds that the within matter should be sua sponte dismissed.