[Cite as *Schaffer v. Ohio State Univ.*, 2024-Ohio-2625.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ALEX SCHAFFER<br><br>    Requester<br><br>    v.<br><br>THE OHIO STATE UNIVERSITY<br><br>    Respondent | Case Nos. 2024-00226PQ,<br>2024-00248PQ, 2024-00292PQ,<br>and 2024-00293PQ<br><br>Judge Lisa L. Sadler<br><br><u>DECISION AND ENTRY</u> |

{¶1} Before the Court in these consolidated public-records cases are the following:

(1)    A Special Master's Report and Recommendation (R&R) filed on May 8, 2024;

(2)    Requester Alex Schaffer's Objections To The Report And Recommendation Of The Special Master (Objections) filed on May 28, 2024;

(3)    The Ohio State University's Response To Requester's Objections To The Report And Recommendation Of The Special Master (Response) filed on June 3, 2024, with a Motion To Strike contained within the Response; and

(4)    Requester Alex Schaffer's Motion For Leave To File Additional Proof Of Certified Mail For Requestor's Objections (Motion For Leave) filed on June 3, 2024, with an accompanying proposed order.

For reasons that follow, the Court adopts the Special Master's Report and Recommendation, overrules Requester's Objections, denies Respondent's Motion To Strike contained within Respondent's Response, and denies Requester's Motion For Leave.

### I.    Background and Procedural History

{¶2} Requester, a self-represented litigant, represents that he is President of Empire Sports & Entertainment, Inc., in Dublin, Ohio. According to the Special Master, Requester operates a business that uses information about The Ohio State University's

Athletic Department. (R&R, 2.) Requester filed public-records complaints against Respondent on March 5, 2024 (Ct. of Cl. No. 2024-00226PQ), March 12, 2024 (Ct. of Cl. No. 2024-00248PQ), and March 22, 2024 (Ct. of Cl. Nos. 2024-00292PQ, and 2024-00293PQ). The Special Master notes that three of the four cases (Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, and 2024-00292PQ) involve the same issues—the consolidated nature and timeliness of Respondent's responses to multiple requests for related information. (R&R, 2.) The Special Master remarks that the fourth case (Ct. of Cl. No. 2024-00293PQ) asserts that Respondent has failed to respond at all to another group of requests. (R&R, 2.)

{¶3} The Special Master ordered the consolidation of Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, 2024-00292PQ, and 2024-00293PQ under Civ. R. 42(A)(1), because, according to the Special Master, the cases involve common issues of law and fact. After the Special Master found that bypassing mediation would result in the most expeditious and economical procedure for resolving the consolidated cases, the Special Master essentially sua sponte vacated prior orders that had referred Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, 2024-00292PQ, and 2024-00293PQ to mediation. Additionally, the Special Master issued a briefing schedule.

{¶4} On May 8, 2024, the Special Master issued a Report and Recommendation. In the Report and Recommendation, the Special Master states:

These consolidated cases are before me to address procedural motions and for a R.C. 2743.75(F) report and recommendation.

As to the procedural motions, I recommend that the court:

- Deny Respondent's Civ. R. 12(B)(6) motion for dismissal.

- Grant the portion of Requester's motion to strike and for sanctions that seeks to strike late filed evidence and deny the portion that seeks sanctions.

- Deny Respondent's motion to strike as moot.

As to the merits in case Nos. 2024-00226PQ, 2024-00248PQ, and 2024-00292PQ, I recommend that the court:

- Find that Requester was not aggrieved by Respondent responding to his individual requests on a consolidated basis.

- Find that Respondent violated R.C. 149.43(B)(1) in those instances when it took more than five working days to produce the public records sought.

- Deny all other relief sought in these cases.

As to the merits in Case No. 2024-00293PQ, I recommend that the court:

- Order Respondent to:

- Produce all public records responsive to part 3 of Requester's January 17, 2024, public records request.

- Produce all additional public records responsive to part 4 of that request or to certify that no additional responsive records exist.

- Produce all public records responsive to part 6 of that request, as amended on February 12, 2024.

- Redact all those records to protect third parties' statutory privacy rights.

- Find that Respondent violated R.C. 149.43(B)(1) by unreasonably delaying production of the records sought.

- Deny all other relief sought in this case.

**{¶5}** Finally, I recommend that Requester recover his filing fees and costs in all these cases and that Respondent bear the balance of the costs of all these cases.

(R&R, 1-2.)

**{¶6}** After the Special Master issued the Report and Recommendation, Respondent did not file timely written objections to the Report and Recommendation. On Requester's motion, and for cause shown, the Court granted an extension of time to Requester to file objections to the Special Master's Report and Recommendation.

{¶7} On May 28, 2024, Requester filed written objections to the Report and Recommendation. On June 3, 2024, Respondent filed a written Response to Requester's objections, which contains a motion to strike Requester's Objections.

{¶8} Requester's Objections are now before the Court for determination. *See* R.C. 2743.75(F)(2) ("[t]he court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation").

## II. Law and Analysis

## A. Respondent's Motion To Strike and Requester's Motion For Leave are denied.

{¶9} Respondent moves the Court to strike Requester's Objections for Requester's failure to comply with the Court's order that established a procedure for Requester's filing of written objections. Requester has, in turn, "move[d] this Court for Leave to file Additional Proof of Certified Mail for Requestor's Objections." Both motions are not well taken.

{¶10} First, the Supreme Court of Ohio "has long recognized the fundamental tenet of judicial review in Ohio [is] that courts should decide cases on the merits." *State ex rel. Montgomery v. R & D Chem. Co.*, 72 Ohio St.3d 202, 204, 648 N.E.2d 821 (1995), citing *Hawkins v. Marion Correctional Inst.*, 28 Ohio St.3d 4, 501 N.E.2d 1195 (1986). The Supreme Court of Ohio has stated, "Fairness and justice are best served when a court disposes of a case on the merits." *De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). Here, Requester has filed written Objections to the Special Master's Report and Recommendation, and Respondent has filed a written Response to Requester's Objections. Requester's written Objections thus have been fully briefed in accordance with R.C. 2743.75(F)(2). *See* R.C. 2743.75(F)(2) ("[i]f either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested"). In the interest of fairness and justice, the Court finds that Requester's Objections should be decided on the merits.

{¶11} Second, the General Assembly, as the ultimate arbiter of policy considerations relevant to public-records laws, *see Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44, "enacted R.C. 2743.75(A) 'to provide for an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 12. Notably, R.C. 2743.75(F)(2) contains no provision that permits a party to file additional proof or that permits a party to move to strike another party's written objections after a special master has issued a report and recommendation. If, as a matter of course, the Court were to permit additional motion practice after the issuance of a report and recommendation, this would delay the adjudication of public-records disputes that are brought in this forum under R.C. 2743.75, thereby frustrating the expeditious and economical procedure envisioned by the General Assembly in R.C. 2743.75(A), as noted in *Welsh-Huggins*.

{¶12} Respondent's Motion To Strike and Requester's Motion For Leave are denied.

### B. Requester's Objections are not well taken.

{¶13} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶14} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-*

*Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶15} Under R.C. 2743.75(F)(2) any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Here, Requester states that he "agrees with some of the findings in the Report and Recommendation and objects only to the following findings:

1.      The Special Master's finding that Requestor did not request all ticket sales transactions including those with a **"activity_name"** classification of **"Retail Resale**[;]**"**

2.      The Special Master's finding that Requestor was not "aggrieved" by Respondent producing "combined" ticket sales reports which were not what was requested by Requestor[;]

3.      The Special Master's finding that Respondent may produce ticket sales reports in intervals of "5 working days" in regards to case numbers[;]

4.      The Special Master's finding that Respondent's conduct in habitually attempting to circumvent and violate this Court's Orders for evidentiary proceedings is not grounds for Sanctions despite Striking the additional evidence."

(Objections, 1.)

**1. Requester's first objections is overruled.**

In the Report and Recommendation, the Special Master states:

Mr. Shaffer's requests were quite specific; his identically worded requests sought the following data points for each of the dates he inquired of: "Sales Report for Ohio State Mens basketball, 2023-2024 season home games that meet all of the following criteria:

A. Sales data from the Ohio State-Ticketmaster Ticket Exchange for the following calendar day: \*\*\*

B. Includes all games & tickets sold for that calendar day.

C. With these values: **event name, event_date, section_name, row_name, seat_num, tast_seat, num_seats, add_datetime, activity_narne, te_purchase_price, te_total_fees**" *Requester's Evidence*, pp. 12-21, 25-36, 41-56 (emphasis sic.).

Those requests nowhere mentioned "Retail Resale" data or metadata. Mr. Schaffer's claim that OSU should be compelled to produce that data therefore fails.

(R&R, 6.)

{¶16} Requester contends these findings by the Special Master "appear[] to be a gross misapplication of the evidence." The Court disagrees with Requester's contention that the Special Master grossly misapplied the evidence.

{¶17} Despite Requester's belief that his requests included ticket sales transactions including those with a classification of **"Retail Resale**," upon independent review, the Court finds that the Special Master did not err when he stated that Requester's requests "nowhere mentioned "Retail Resale" data or metadata." (R&R, 6.) *See generally State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober*, Cuyahoga App. No. 63737, 1993 Ohio App. LEXIS 2591, 1993 WL 173743, *1 (Apr. 28, 1993), affirmed, 68 Ohio St.3d 117, 623 N.E.2d 1202 (1993) ("'[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue'").

{¶18} Requester's first objection is overruled.

**2. Requester's second objection is overruled.**

{¶19} In the Report and Recommendation, the Special Master states:

* * * [Requester] has not demonstrated that his legal rights were "adversely affected" or "harmed" by the consolidated responses.

The legal right involved was [Requester's] right to data allowing him to understand the governmental operations he was interested in. The consolidated responses contained every data point [Requester] requested. [Requester] received everything he asked for.

There is no proof that gathering those data points into consolidated spreadsheets deprived [Requester] of the utility of that data. The evidence demonstrates that the data was collected in Excel spreadsheets organized in rows corresponding to the specific dates he inquired of. Given that Excel's functionality enabled [Requester] to deconsolidate the responses corresponding to a specific request by simply copying and pasting the row(s) corresponding to a given request into a separate spreadsheet, he had the full ability to do whatever he would do could have done with separate spreadsheets. The only "evidence" to the contrary is [Requester's] unexplained statement that the consolidated responses made him "unable to use the data as intended," but such conclusory statements have no evidentiary weight. *Requester's Evidence*, p. 7, ¶ 14; *H & H Properties v. Hodkinson*, 2010-Ohio-5439, ¶ 11(10th Dist.). I therefore recommend that the court reject this claim.

(Footnote omitted.) (R&R, 7.)

{¶20} In the second objection, Requester maintains that he "is under no obligation whatsoever to 'manipulate' (as OSU described) or 'de-consolidate', as the Special Master put, data that OSU's database is programmed to report-full single day ticket sales reports, produced individually." While Requester may have no obligation to "deconsolidate" responses provided by Respondent, the Court does not conclude that, under the circumstances, Respondent's consolidated responses resulted in Requester having been aggrieved, as Requester maintains, because, as noted by the Special Master, Requester "received everything that he asked for." (R&R, 7.).

**{¶21}** Requester's second objection is overruled.

### 3. Requester's third objection is overruled.

**{¶22}** Requester's third objection challenges a purported finding by the Special Master that Respondent may produce ticket sales reports in intervals of "5 working days."

**{¶23}** In *State ex rel. Wadd v. City of Cleveland*, 81 Ohio St.3d 50, 52, 689 N.E.2d 25 (1998), the Supreme Court of Ohio explained that public records are to be prepared promptly. The Supreme Court of Ohio stated,

> The word "promptly" is not defined in R.C. 149.43 or any other applicable statute. Therefore, it must be accorded its usual, normal, or customary meaning. *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St. 3d 338, 340, 673 N.E.2d 1351, 1353; R.C. 1.42. "Promptly" means "without delay and with reasonable speed" and its meaning "depends largely on the facts in each case." Black's Law Dictionary (6 Ed.1990) 1214. This comports with the application of a reasonableness test for the analogous FOIA requirement that federal agencies make public records "promptly" available to the public. See, *e.g.*, *Strout v. United States Parole Comm.* (C.A.6, 1994), 40 F.3d 136, 138; see, also, 1 O'Reilly, Federal Information Disclosure, at 7-24, fn. 126.

*State ex rel. Wadd* at 53.

**{¶24}** In the Report and Recommendation, the Special Master determined that Respondent unreasonably delayed its production of some of the records sought by Requester. The Special Master states:

> OSU's response time varied between four and 12 working days from the date the requests were received. *MTD*, pp. 2-3. However, OSU's submissions recognize that several of these requests were fulfilled in four or five working days, likely because they were made closer to the times when Athletics addressed sets of accumulated requests. *MTD*, p. 2 (requests of February 26, 27, March 5), *Respondent's Evidence*, pp. 47, 84, 90, 102, 112, 115. Withholding responses beyond that time is "delay" within the meaning of *Wadd* and its general definition; they are the result of

Athletics setting those requests aside and not addressing them as quickly as its processing of functionally identical requests showed it was capable of.

Further, the additional time is not justified by the specific factors discussed above. Mr. Schaffer's requests were clear. OSU was apparently able to access the responsive data with relative ease. The volume of records responsive to each request was small. OSU made no redactions to the small body of data involved.

Given those facts, I recommend that the court hold that any intervals of more than five working days between the requests and production were unreasonable. This recommendation is based on the 4.66 working day average of the response times for the February 26 and 27 and March 5 requests, rounded to the nearest whole number.

(R&R, 9.)

{¶25} Here, the Special Master has not established a bright-line rule that must be followed by Respondent in every case in which a public-records request is received by Respondent.  Rather, the Special Master's recommendation is fact-specific based on the facts in the cases that were presented to him.

{¶26} Nevertheless, despite the Special Master's recommended holding, the Court can envision circumstances in which an interval of longer than five working days may not be unreasonable or constitute undue delay based on the complexity or nature of a public-records request.  *See Shaughnessy v. City of Cleveland*, 149 Ohio St. 3d 612, 615 (2016) (Ohio Public Records Act envisions an opportunity for a public office to examine records before release to redact exempt materials appropriately).

{¶27} Here, Respondent admits that "on one single occasion, the University went above and beyond to produce records to Requester the same day he submitted the request. * * * Now, Requester expects the University to continue to respond to each of his daily requests, within one day, in perpetuity. * * * Requester's expectation of same-day responses is unreasonable[.]"

{¶28} The Court concludes that neither R.C. 149.43(B)(1) nor Ohio case law requires that a public office or person responsible for public records prepare and make available for inspection public records within one day, as Requester seemingly expects Respondent to do. *See* R.C. 149.43(B)(1); *Wadd* at 53; *Shaughnessy* at 615. Stated differently, Ohio law does not demand same-day responses to public-records requests.

{¶29} Requester's third objection is overruled.

**4. Requester's fourth objection is overruled.**

{¶30} Requester's fourth objection challenges the Special Master's recommendations concerning the imposition of sanctions.

{¶31} In the Report and Recommendation, the Special Master states,

> This is not * * * an appropriate case for sanctions. Requester invokes R.C. 2323.51(A)(2)(a)(i) and (ii), but neither provision applies. There is no indication that Respondent's tardy submissions were for any purpose other supporting its substantive arguments, and that is not sanctionable under R.C. 2323.51(A)(2)(a)(i). Although those submissions are contrary to the precedent about filing evidence out of rule just discussed, *Doe v. Ohio State Univ.*, [2024-Ohio-565], is arguably precedent for the proposition that such late submissions will not be sanctioned. That makes R.C. 2323.51(A)(2)(a)(ii) inapplicable.

(Footnote omitted.) (R&R, 3-4.) *See* R.C. 2323.51 (frivolous conduct in civil actions).

{¶32} Notably, however, in the omitted footnote, the Special Master states, "That said, OSU, a regular litigant in this court, should note that the outcome regarding sanctions might well be different in future cases if it continues this now twice rejected practice." (R&R, 4, footnote 1.)

{¶33} In Requester's Objections, Requester states, "The Special Master issued a Court Order on March 28, 2024 for Evidence Packets to be filed with the Court and served upon the opposing party by April 11, 2024. However, despite knowing this, OSU, continued their barbaric tactics to rig the game and see Requestor's Evidence Packet first, then subversively attempted to add to their evidence without leave of the Court."

{¶34} Despite Requester's contention that Respondent engaged "barbaric tactics to rig the game," the Court does not agree that Respondent engaged in barbaric tactics or that Respondent necessarily intended to "rig the game," as Requester urges.

{¶35} Requester's fourth objection is overruled.

### III.    Conclusion

{¶36} For reasons set forth above, the Court adopts the Special Master's Report and Recommendation, overrules Requester's Objections, denies Respondent's Motion Strike contained within Respondent's Response, and denies Requester's Motion For Leave.

{¶37} In accordance with the Special Master's recommendations, with respect to procedural motions before the Special Master, the Court (1) denies Respondent's Civ.R. 12(B)(6) motions for dismissal, (2) grants in part, and denies in part, Requester's motions to strike, striking late filed evidence and denying the imposition of other sanctions, and (3) denies Respondent's motions to strike as moot.

{¶38} With respect to the Special Master's recommendations as to the merits of consolidated Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, and 2024-00292PQ, the Court finds that (1) Requester was not aggrieved by Respondent responding to his individual requests on a consolidated basis, and (2) Respondent violated R.C. 149.43(B)(1) in those instances when it took more than five working days to produce the public records sought.  The Court also denies all other relief sought in these cases.

{¶39} With respect to merits of Ct. of Cl. No. 2024-00293PQ, the Court ORDERS Respondent to (1) produce all public records responsive to part 3 of Requester's public-records request of January 17, 2024, (2) produce all additional public records responsive to part 4 of that request or to certify that no additional responsive records exist, (3) produce all public records responsive to part 6 of that request, as amended on February 12, 2024, and (4) redact all those records to protect third parties' statutory privacy rights. Additionally, the Court finds that Respondent violated R.C. 149.43(B)(1) by unreasonably delaying production of certain records sought.  The Court denies all other relief sought in Ct. of Cl. No. 2024-00293PQ.

{¶40} Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the actions brought in Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, 2024-00292PQ, and 2024-00293PQ that are incurred by the Requester, excepting attorney fees. Court costs are assessed against Respondent in Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, 2024-00292PQ, and 2024-00293PQ. The Clerk shall serve upon all parties notice of the judgment in Ct. of Cl. Nos. 2024-00226PQ, 2024-00248PQ, 2024-00292PQ, and 2024-00293PQ and their dates of entry upon the journal.

LISA L. SADLER
Judge

**Filed June 7, 2024**
**Sent to S.C. Reporter 7/11/24**