[Cite as *Schaffer v. Ohio State Univ.*, 2024-Ohio-5299.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ALEX SCHAFFER<br><br>Requester<br><br>v.<br><br>THE OHIO STATE UNIVERSITY<br><br>Respondent | Case Nos. 2024-00342PQ, 2024-00387PQ, 2024-00408PQ, 2024-00424PQ, 2024-00444PQ, 2024-00460PQ, 2024-00462PQ<br><br>Special Master Todd Marti<br><br><u>REPORT AND RECOMMENDATION</u> |

{¶1} These consolidated cases are before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) find that respondent violated R.C. 149.43(B)(1)'s requirement that it timely produce records in each instance when it failed to produce the records with five working days of receiving the request; (2) award requester his filing fees and costs/order respondent to bear the balance of costs in all these cases except 2024-00462PQ; (3) order that requester bear all the costs in Case No. 2024-00462PQ; and (4) deny all other relief.

## I.  Background

{¶2} Requester Alex Schaffer made dozens of public records requests to the respondent Ohio State University ("OSU") for information about ticket sales for sporting events. Each otherwise identically worded request sought the same information about sales on separate dates. The subpart of OSU that processes public records requests forwarded each request to OSU's athletic department the same day or the next business day after each request was received.

{¶3} Things bogged down from there. The athletic department allowed the multiple requests to accumulate and processed them in batches. It responded to the requests through eight Excel spreadsheets, each of which provided the information requested in multiple individual requests. *Notice of Filing Documents*, filed August 12, 2024, in case Nos. 2024-00342PQ, 2024-00387PQ, and 2024-00408PQ, pp. 25, 63-65, 111, 220-235,

256, 307-315, 512 ¶ 4, 513 ¶¶ 12-14; *Notice of Filing Documents*, filed August 13, 2024, in case Nos. 2024-00424PQ, 2024-00444PQ, 2024-00460PQ, and 2024-00462PQ, pp. 6 ¶ 4, 7 ¶¶ 12-14, 220, 272-277, 292, 328-332; 345, 372-373, 374, 428-431.

{¶4} Mr. Schaffer filed seven separate cases challenging OSU's handling of those requests. Each case presents the same three claims. One claim asserts that OSU's responses omitted some of information he sought ("the Omission Claim"). Another claim challenges OSU's practice of responding to individual requests through spreadsheets that addressed multiple individual requests on a consolidated basis ("the Consolidation Claim"). The third alleges that OSU unduly delayed its response to many of the individual requests. ("the Delay Claims"). *Amended Complaint*, filed July 25, 2024, pp. 1-3.[1]

{¶5} This is not the first time Mr. Schaffer has pressed such claims. Indistinguishable claims were made about OSU's response to functionally identical public records requests in *Schaffer v. Ohio State University*, 2024-Ohio-2185, adopted 2024-Ohio-2625 (Ct. of Cl.) ("*Schaffer I*").

{¶6} Mediation failed to resolve these cases. They were consolidated pursuant to Civ.R. 42 because they all involve the same claims. A schedule was set for Mr. Schaffer to amend his complaints and for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making these cases ripe for decision. *Order Terminating Mediation*, entered July 25, 2024.

## II. Analysis

### A. This case is controlled by the decision *Schaffer I*.

{¶7} "Collateral estoppel precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action.'" *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2017-Ohio-8845, ¶ 9 (cleaned up). It applies even though the second action involves different transactions than the prior action if second action presents factual or legal issues fully litigated in the prior action. *Id.* at ¶ 10. The elements of collateral estoppel are:

---

[1] All references to pleadings, motions, and evidence are to those filed in Case No. 2024-00342PQ unless otherwise noted; identical filings were made in the other consolidated cases. All references to specific pages of Mr. Schaffer's filings are to the pages of the PDF copies posted on the court's docket.

"(1) the identical issue or fact was actually and directly at issue in a previous action; (2) the issue or fact was passed upon and determined by a court of competent jurisdiction; (3) the issue or fact was actually litigated, directly determined, and essential to the final judgment in the prior action; and (4) both actions involved the same parties, or their privies." *McCabe Corp. v. Ohio EPA*, 2012-Ohio-6256, ¶ 19 (10th Dist.).

A court may sua sponte dispose of a case or claim on collateral estoppel grounds. *Warrensville Hts.*, 2017-Ohio-8845, ¶ 8; *State ex rel. Pyle v. Bessey*, 2006-Ohio-2047, ¶¶ 2, 4, 12 (10th Dist.). Those principles control the disposition of all three claims presented in these cases.

### 1. Collateral Estoppel bars the Omission and Consolidation Claims.

{¶8} *The Omission Claim.* This claim asserts that OSU's responses to Mr. Schaffer's requests omitted certain data regarding "retail resale" transactions. That same claim was presented in *Schaffer I*. The special master recommended, based on the language of Mr. Schaffer's public records requests, that the claim be rejected because the requests did not mention retail resale data. The court adopted that recommendation over Mr. Schaffer's objection. *Schaffer I*, 2024-Ohio-2185, ¶¶ 20-23; 2024-Ohio-2625, ¶¶ 15-18.

{¶9} Identical issues are presented here because the language of the requests considered in *Schaffer I* was identical in all relevant respects to those at issue here. Compare, 2024-Ohio-2185, ¶ 22 with the records requests filed at pp. 13-259 of *PQ Miscellaneous*, filed August 13, 2023 (first docket entry for that date, 354-page filing). This court had jurisdiction to consider the import of that language and expressly determined that it was insufficient to require the production of retail resale data. The issue was fully litigated, was directly determined, and was essential to the resolution of *Schaffer I.* The parties to *Schaffer I* are identical to the parties to this case. Mr. Schaffer is therefore collaterally estopped from pressing the Omission Claim in these cases.

{¶10} *The Consolidation Claim.* This claim asserts that OSU violated R.C. 149.43(B) by responding to individual requests with Excel spreadsheets that provided the data he requested in multiple individual requests. This precise claim was raised in *Schaffer I*. There, as here, OSU responded to individual requests on a consolidated basis

through Excel spreadsheets that contained the data requested in several individual requests. There, as here, Mr. Schaffer asserted that that practice violated his rights under R.C. 149.43(B). There, as here, OSU responded by arguing that Mr. Schaffer was not sufficiently aggrieved by that practice to sue over it pursuant to R.C. 149.43(C)(1) and R.C. 2743.75(D)(1). *Schaffer I* held that Mr. Schaffer was not aggrieved by the practice because OSU provided all the data requested and Excel gave Mr. Schaffer the ability to easily deconsolidate those spreadsheets into individual spreadsheets that corresponded to his separate requests. 2024-Ohio-2625, ¶¶ 19-21, 38; 2024-Ohio-2185, ¶¶ 24-28.

{¶11} The practice considered in *Schaffer I* was identical to that challenged here. This court had jurisdiction to decide the claim presented In *Schaffer I* and did so. That holding came after full litigation of the issues, this court directly determined the issue, and that determination was essential to the resolution of *Schaffer I*. It was made in cases involving the same parties as this case. Mr. Schaffer is therefore collaterally estopped from pressing the Consolidation Claim here.

{¶12} Those conclusions are not undermined by the fact that Mr. Schaffer now presents additional evidence and arguments in support of those claims. The Supreme Court has emphasized that a prior judgment bars reassertion of previously resolved claims "even though the plaintiff is prepared in the second action . . . [t]o present evidence or grounds or theories of the case not presented in the first action[.]" *Grava v. Parkman Township*, 73 Ohio St. 3d 379, 383 (1995) (quoting the Restatement of the Law 2d, Judgments, § 25(1982), emphasis omitted). See also, *Anderson v. Richards*, 173 Ohio St. 50, 53, (1962) ("a party should have his day in court, and that that day should conclude the matter. A party is bound then to present his entire cause and he is foreclosed from later attempting to reopen the cause as to issues which . . . could have been presented.").

## 2. Collateral estoppel requires judgment for requester on most of the Delay Claims.

{¶13} Collateral estoppel can also cut the other way; it can prevent a defendant from relitigating issues resolved against it in a prior action if the elements of collateral estoppel are present. *Brunner v. RJ Lipps, Inc.*, 2016-Ohio-3231, ¶ 9 (1st Dist.); *Nye v. State Bd. of Examiners of Architects*, 2006-Ohio-948, ¶¶ 16-18 (10th Dist.). That principle supports judgment in favor of Mr. Schaffer on most of the Delay Claims.

{¶14} Those claims assert that OSU did not provide requested records in a reasonable amount of time within the meaning of R.C. 149.43(B)(1). *Schaffer I* decided what constituted a reasonable amount of time for OSU to respond to requests that were functionally identical to those underlying these cases. Mr. Schaffer argued that anything more than one or two working days was unreasonable, while OSU argued that 12 working days was reasonable. Both parties submitted evidence and arguments in support of their positions. The court held that five working days was reasonable based on the identical nature of the requests, OSU's prompt response to some of the requests, and legal flaws in OSU's arguments in favor of a longer response time. 2024-Ohio-2185, ¶¶ 29-37; 2024-Ohio-2625, ¶¶ 22-29.

{¶15} *Schaffer I* involved identical issues of fact and law. The requests at issue there were functionally identical to those at issue here. OSU's process for responding to those requests was identical to the process it followed in the requests giving rise to this case. OSU's justifications for its delayed responses are not materially different from the justifications proffered in *Shafer I*. This court had jurisdiction in *Schaffer I* to decide what amount of time was reasonable and made a determination. That question was fully litigated in *Shaffer I*, was directly determined, and was necessary to the resolution of that case. Both parties to that case are parties here. *Schaffer I's* conclusion that five working days was a reasonable response time for the type of requests at issue therefore controls here. I consequently recommend that the court determine that OSU violated R.C. 149.43(B)(1) each time that it failed to respond to the requests at issue here within five working days of their receipt.

{¶16} That recommendation takes into account the court's statement that a response time of more than five days could be reasonable "based on the complexity or nature of the public records request." 2024-Ohio-2625, ¶ 26. There is no difference between the complexity or nature of the requests considered in *Shaffer I* and the requests underlying these cases. *Schaffer I* should therefore control here. And as in *Schaffer I,* that recommendation is limited to the specific requests at issue here; it does not recommend a bright line rule for all public records requests.

{¶17} Despite OSU's multiple violations, I recommend against granting Mr. Schaffer's request for R.C. 149.43(C)(2) damages. That statute states that damages do

not begin to accrue until "the requester files a mandamus action[.]" Mr. Schaffer has not filed a mandamus action but has instead taken the other action authorized by R.C. 149.43(C), a case under R.C. 2743.75. He therefore has no right to damages under the standard set by R.C. 149.43(C)(2). Further, precedent from this court bars Mr. Schaffer's claim for damages; it has consistently held that R.C. 149.43(C)(2) damages are not available in cases brought pursuant to R.C. 2743.75. *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 20, adopted 2023-Ohio-2322 (Ct. of Cl.); *info4um.com v. City of Cincinnati*, 2018-Ohio-1553, ¶ 10, adopted 2018-Ohio-1580 (Ct. of Cl.).

### B. The parties' evidentiary motions should be denied.

{¶18} Mr. Schaffer filed a motion to strike certain paragraphs of the affidavits OSU submitted as evidence in these cases. *Motion to Strike*, filed September 3, 2024. That motion should be denied as moot because the recommended resolution of these cases is not based on the facts asserted in those paragraphs. In the alternative, the motion should be denied because Mr. Schaffer's arguments go to the weight of that evidence rather than its admissibility.

{¶19} One part of OSU's response to the complaints seeks dismissal pursuant to R.C. 2743.75(C)(2) because it objects to the admissibility of some of requester's evidence, its objections raise issues of first impression, and those issues are supposedly of substantial public interest. Another part seeks dismissal based on alleged flaws in Mr. Schaffer's disability-based arguments. *Motion to Dismiss*, filed August 26, 2024, pp. 8-10.[2] That motion should be denied as moot because the recommended disposition of these cases does not require consideration of the disputed evidence or disability issues. In the alternative, that motion should be denied because the evidentiary issues involved are not of substantial public interest.

### C. Requester should recover his filing fees, and costs and respondent should bear the balance of the costs, in all the consolidated cases except Case No. 2024-00462PQ. Requester should bear all the costs of Case No. 2024-00462PQ.

---

[2] OSU's motion refers to R.C. 2743.75(E)(2) in this argument, but that is apparently a typographical error because the substance of its argument is clearly based on R.C. 2743.75(C)(2).

{¶20} R.C. 2743.75(F)(3) entitles a requester aggrieved by a violation of R.C. 149.43(B) to recover his filing fees and costs. Mr. Schaffer was aggrieved by the violations of R.C. 149.43(B) underlying the Delay Claims. Those violations occurred with regard to some or all of the public records requests that are the subject of Case Nos. 2024-00342PQ, 2024-00387PQ, 2024-00408PQ, 2024-00424PQ, 2024-00444PQ, and 2024-00460PQ. He is therefore entitled to recover his filing fees and costs in connection with those cases.

{¶21} Requester has not shown a violation with regard to the public records requests that are the subject of Case No. 2024-00462PQ; collateral estoppel bars the Omission and Consolidation Claims pressed in that case, and OSU responded to all of those requests within the five working day standard that controls the Delay Claims. Mr. Schaffer is therefore subject to the usual rule that he implicitly agreed to pay those costs by filing that case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

## III. Conclusion.

{¶22} Based on the foregoing I recommend that the court:

A. Find that respondent violated R.C. 149.43(B)(1)'s requirement to timely produce requested records in each instance when it failed to produce records within five working days of receiving the requests;

B. Award requester his costs, including his filing fees, and order respondent to bear the balance of costs in Case Nos. 2024-00342PQ, 2024-00387PQ, 2024-00408PQ, 2024-00424PQ, 2024-00444PQ, and 2024-00460PQ;

C. Order that requester bear all the costs in Case No. 2024-00462PQ; and

D. Deny all other relief in these cases.

{¶23} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed September 12, 2024**
**Sent to S.C. Reporter 11/6/24**