[Cite as *Foulk v. Upper Arlington*, 2017-Ohio-5767.]

| | |
|---|---|
| ROBERT C. FOULK | Case No. 2017-00132-PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER</u> |
| CITY OF UPPER ARLINGTON, OHIO | |
| Respondent | |

{¶1} This case arises under R.C. 2743.75, on requester Robert Foulk's claim that respondent City of Upper Arlington denied him access to public records in violation of division (B) of R.C. 149.43. The City Council withheld fourteen minutes from the requested audio recording of its January 10, 2017 public meeting, held pursuant to the Open Meetings Act, R.C. 121.22. The City asserted that discussion with the City Attorney captured in the withheld portions of the recording was subject to the common-law attorney-client privilege, because no member of the public was in physical attendance at the meeting. On May 25, 2017, Special Master Jeffery Clark issued a report finding that the discussion with the City Attorney took place during an open session of a public meeting, and, further, was conducted in the presence of an unnecessary third party. Special Master Clark concluded that the City failed to meet its burden of showing that communication with its counsel had been made "in confidence," and therefore, the attorney-client privilege did not apply.

{¶2} Special Master Clark found that affidavit testimony submitted by the City demonstrated that, subsequent to the filing of the complaint, the City produced the withheld fourteen minutes of audio recording to Foulk, rendering his claim for production MOOT. However, Special Master Clark found that the 88-day delay between the initial production of the redacted recording of the meeting, and the final production to Foulk of the remainder of the recording, violated the "reasonable period of time" for production of

all requested records.  Special Master Clark recommends judgment for requester on the claim of violation of timely production required by R.C. 149.43(B)(1), and that requester be entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that he incurred.

{¶3} Special Master Clark found that Foulk's separate allegation that the City had failed to create complete minutes of the City Council meeting of January 10, 2017 should be DISMISSED for lack of jurisdiction of this court over such claims.

{¶4} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * *."  No objections have been filed.  Upon review, the court determines that there is no error of law or other defect evident on the face of Special Master Clark's decision. The court therefore adopts Special Master Clark's report and recommendation of May 25, 2017 as its own, including the findings of fact and conclusions of law contained therein.

{¶5} Accordingly, judgment is rendered in favor of Foulk, and his claim is GRANTED, in part, such that he be awarded the twenty-five dollar filing fee and any costs associated with this action that he incurred, pursuant to R.C. 2743.75(F)(3)(b). Court costs are assessed against respondent.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. McGRATH
Judge

cc:

James C. Becker                          Mark R. Weaver
4380 Braunton Road                       Molly R. Gwin
Columbus, Ohio 43220-4304                Two Miranova Place, Suite 700
                                         Columbus, Ohio 43215-5098

**Filed June 19, 2017**
**Sent to S.C. Reporter 7/7/17**