[Cite as *Staton v. Timberlake*, 2023-Ohio-1860.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MATTHEW STATON | Case No. 2023-00128PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| VILLAGE OF TIMBERLAKE | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F)(1) report and recommendation. He recommends that Requester's claim for production of records be denied as moot, that the Requester's claim of undue delay in producing records be sustained, that Requester recover his filing fee and costs, but that all other relief be denied.

**I. Background**.

{¶2} On February 6, 2023, Matthew Staton requested copies of police reports from the Village of Timberlake ("the Village"), the Respondent here. The Village produced redacted copies of the reports several days later, with no explanation for the redactions. Mr. Staton asked for an explanation, and the Village's solicitor responded by stating that the redactions were based on the presence of personal information and matters covered by the confidential law enforcement investigation record exception to R.C. 149.43(B). *Complaint*, filed February 15, 2023, pp. 3-12.[1]

{¶3} Mr. Staton filed this case, contesting the redactions. The undersigned was appointed as special master and, following unsuccessful mediation, required the parties to file all evidence supporting their positions by April 20, 2023. *Order Terminating Mediation*, entered April 5, 2023.

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's online docket, rather than to any internal pagination of the filings.

{¶4} On April 18, 2023, the Village produced unredacted copies of the police reports to Mr. Staton and moved to dismiss the case as moot. Mr. Staton responded with a motion for relief based on the Village's delay in producing the unredacted reports. The special master set dates for the Village to respond to Mr. Staton's motion and for Mr. Staton to reply. *Order*, entered April 24, 2023. Those memoranda have been filed and the case is ripe for decision.

## II.    Analysis.

### A. Requester's claim for production of records is moot.

{¶5} "In general, the provision of requested records to a [requester] in a public-records * * * case renders the * * * claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. The records requested here are the unredacted copies of the police reports. The parties agree that unredacted copies have been provided to Mr. Staton. The special master therefore recommends that the court find that Mr. Staton's claim for production of the unredacted reports is moot.

### B. Respondent violated R.C. 149.43(B)(1) by improperly delaying the production of the unredacted reports.
#### 1.  The delay claim is properly before the court.

{¶6} A claim that a public office improperly delayed production of records is waived unless it is asserted in the original complaint, the requester seeks to amend its complaint to assert the claim, or the respondent impliedly consents to the claim being addressed by litigating it on the merits. *State ex rel. Taxpayers Coalition v. City of Lakewood*, 86 Ohio St.3d 385, 390-391, 715 N.E.2d 179 (1999). Although Mr. Staton did not make a delay claim in his complaint, the record shows that Mr. Staton effectively sought to amend his complaint to assert that claim. The record also indicates that the amendment should be allowed.

{¶7} Mr. Staton's April 18, 2023, *Motion in Opposition to Respondent's Motion to Dismiss or in the Alternative Relief* effectively sought to amend his complaint to assert a delay claim. It noted the significant time that had elapsed between his record request and the production of the unredacted reports and that the Village only produced the reports after this case was filed. Those allegations assert the substance of a delay claim. The motion set forth a new prayer for relief based on those allegations. Although Mr. Staton

did not expressly state that he was seeking to amend his complaint, his intent to add that new claim is clear. Given Mr. Staton's pro se status, the special master recommends that the motion be treated as one to amend his complaint.

{¶8} The special master recommends that the amendment should be allowed. The April 24 order gave the Village an opportunity to address the propriety of adding the claim, and the Village did not object. The result is also supported by the lack of prejudice; the Village was given, and used, the opportunity to respond to the claim on the merits. Finally, that result would be consistent with Civ. R. 15(A)'s direction that amendments be freely allowed. The special master therefore recommends that the amendment be allowed.

2. **The Village unreasonably delayed production of the unredacted reports**.

{¶9} R.C. 149.43(B)(1) mandates that "upon request *** a public office *** shall make copies of the requested public record available to the requester *** within a reasonable period of time." A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 16. Several aspects of this case establish that the delay involved here violated R.C. 149.43(B)(1).

{¶10} *First, the delay here is longer than delays found unreasonable in similar cases.* Although each delay claim turns on its own facts, some guidance is provided by similar cases. The delay at issue here is 72 days, from February 6 to April 18. The Supreme Court has held that delays of 13 to 24 days in producing police reports were unreasonable. *State ex rel. Wadd v. City of Cleveland*, 81 Ohio St.3d 50, 52, 53, 689 N.E.2d 25 (1998). The Tenth District has held that a 61-day delay in producing records related to a Board of Education meeting was not reasonable. *State ex rel. Miller v. Ohio Dept. of Edn.*, 10th Dist. Franklin No. 15 was not 2016-Ohio-8534, ¶ 8. This court held that a 45-day delay in deciding whether to withhold materials related to a criminal prosecution was too long. *Hodge v. Montgomery Cty. Prosecutor's Office*, Ct. of Cl. No. 2019-01111PQ, 2020-Ohio-4520, ¶ 16, adopted 2020-Ohio-4904 (McGrath, J.). While not conclusive, these cases suggest that the delay involved here was unreasonable.

{¶11} *Second, the request involved a limited number of records and presented limited review/redaction issues.* Public offices are given more time to respond to requests for large volumes or diverse types of records. Conversely, they are allowed less time for narrower requests. Compare *State ex rel. Shaughnessy v. City of Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 14; *Kesterson*, 156 Ohio St.3d 13, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, 81 N.E.3d 863, ¶ 7 (8th Dist.); and *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 8th Dist. Cuyahoga No. 107861, 2019-Ohio-3282, ¶¶ 46-49; with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Ware v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 21AP-419, 2022-Ohio-3562, ¶ 19; and *Foulk v. City of Upper Arlington*, Ct. of Cl. No. 2017-00132-PQ, 2017-Ohio-4249, ¶ 11, adopted 2017-Ohio-5767 (McGrath, J.). Relatedly, more time is allowed if the volume or nature of responsive records will make legal review and redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, Ct. of Cl. No. 2018-00593PQ, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (McGrath, J.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 08AP-21, 2009-Ohio-442, ¶ 10; *State ex rel. Korecky v. City of Cleveland*, 8th Dist. Cuyahoga No. 108965, 2020-Ohio-273, ¶ 19; *Ware*, 2022-Ohio-3562, ¶ 19.

{¶12} The request at issue here was limited, seeking only one type of record. Quantitively, it generated a small volume of responsive records, only five pages. *Complaint*, pp. 4-8. Qualitatively, the review/redaction issues were straight forward, involving potential exceptions with well settled boundaries. It should not have taken the Village more than two months to determine whether it would stand by its initial decision to redact that handful of records.

{¶13} *Third, the production only occurred after litigation commenced.* Courts are more likely to find a delayed production unreasonable if it occurs after litigation commenced. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 8th Dist. Cuyahoga No. 109776, 2020-Ohio-4920, ¶ 9. That makes sense; it is difficult to justify a delay that requires the requester on one hand,

and the courts and the public office (and the taxpayers who fund both) on the other, to expend time and money on an avoidable controversy. That is what we have here.

{¶14} *Fourth, this delay involved an incident report*. This court has held that the "timing required for production of an initial incident report is particularly short: 'Routine offense and incident reports are subject to immediate release upon request.'" *Sutelan v. Ohio State Univ.*, Ct. of Cl. No. 2019-00250PQ, 2019-Ohio-3675, ¶ 25, adopted in relevant part 2019-Ohio-4026 (McGrath, J.) (quoting *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994), paragraph fived of the syllabus). A two-month delay is far from "immediate."

{¶15} *Finally, the Village's arguments fail for want of proof.* Those arguments are based on two factual assertions. One is that the redactions were initially justified by various exemptions from R.C. 149.43(B). The second is that Village discovered practical reasons for abandoning its initial position during mediation. Neither have been proven.

{¶16} The Village has not proven the applicability of the exemptions it initially relied on. A public office asserting an exemption bears "the burden of production *** to *** prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 27 (internal punctuation omitted). See also, *Id.* at ¶¶ 35, 54. That burden is activated when the office first asserts the exemption, *id.* ¶ 54, and must be carried with "competent, admissible evidence[.]" *Id.* at ¶¶ 53, 77. "Unsupported conclusory statements *** are insufficient." *Id.* at ¶ 35. In spite of being ordered to do so, the Village did not file unredacted copies of the reports or any other evidence establishing the basis for the exemptions. See *Order*, entered April 24, 2023, at ¶ B. The only thing supporting the Village's assertion that the redactions were initially justified are the statements in its unsworn memorandum, and "parties' briefs and memoranda of law are not considered evidence." *Meadows v. Freedom Banc, Inc.*, 10th Dist. Franklin No. 03AP-1145, 2005-Ohio-1446, ¶ 20. The Village has therefore failed to justify the redactions.

{¶17} Nor has the Village proven its assertions about what it learned during the mediation. Aside from the fact that those assertions are not established by an affidavit or other evidence, they are barred by R.C. 2710.03(A)'s declaration that "a mediation

communication \*\*\* is not \*\*\* admissible[.]" R.C. 2710.01(B) defines a mediation communication as "a statement \*\*\* made for purposes of \*\*\* participating in \*\*\* a mediation," and the Village's recounting of the parties' exchanges during the mediation in this case describe such statements. There is therefore no evidence of the facts supposedly justifying the Village's change of position.

\*\*\*

{¶18} In sum, the delay at issue here exceeds that found unreasonable in similar cases, occurred in connection with a simple request, involved the parties in avoidable litigation, involved records that are supposed to be subject to immediate release, and the arguments offered in justification rest on unproven factual premises. The special master therefore recommends that the court find that the delay violated R.C. 149.43(B).

### C. The Requester is entitled to recover his filing fee and costs, but not damages.

{¶19} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office \*\*\* the amount of the filing fee \*\*\* and any other costs associated with the action[.]" Mr. Staton was aggrieved because the Village violated R.C. 149.43(B)(1) by failing to timely produce the unredacted reports. The special master therefore recommends that he recover his filing fee and the costs he incurred in this case.

{¶20} Mr. Staton also requests damages and any other remedy provided by R.C. 149.43. The special master presumes that he seeks the damages and attorney fees R.C. 149.43(C)(2) and (3) sometimes authorize in mandamus cases. Those remedies are not available in cases brought under R.C. 2743.75. *Assn. of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, Ct. of Cl. No. 2020-00103PQ, 2020-Ohio-4550, ¶ 10, adopted 2020-Ohio-4902 (McGrath, J.). The special master therefore recommends that relief be denied.

### III.    Conclusion.

{¶21} In light of the foregoing the special master recommends that:
- Requester's claim for production of the unredacted police reports be denied as moot.

- That Requester's claim that the Village's delay in producing the unredacted police reports violated R.C. 149.43(B)(1) be sustained
- That Requester recover his filing fees and the costs of this case.
- That Requester be denied the other relief he seeks.

{¶22} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed May 16, 2023**
**Sent to S.C. Reporter 6/5/23**