[Cite as *Sell v. Trumbull Cty. Juvenile Div.*, 2024-Ohio-6139.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JAMIE SELL | Case No. 2024-00594PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| TRUMBULL COUNTY JUVENILE DIVISION | |
| Respondent | |

{¶1} On December 2, 2024, Requester filed objections to the Special Master's Report and Recommendation (R&R).[1]  Respondent did not file objections or a response to Requester's objections.  The Court overrules Requester's objections and adopts the Special Master's Report and Recommendation for the reasons that follow.

### I.    Background

{¶2} Jamie Sell (Requester) filed a Complaint seeking records requested from Trumbull County Juvenile Division (Respondent).  Requester requested affidavits created by Richard Owen in connection with a case in the Trumbull County Court of Common Pleas; Respondent denied the request stating that it had no such affidavits.  Complaint p. 3, 5-7, 9.  In its Motion to Dismiss, Respondent asserted that it has no records matching the request.  Motion to Dismiss p. 5.

---

[1] Requester did not serve her objections in accordance with R.C. 2743.75(F)(2).  However, the Court is mindful that the Ohio Supreme Court "has repeatedly emphasized the fundamental tenet that courts should strive to decide cases on their merits."  *Natl. Mut. Ins. Co. v. Papenhagen*, 30 Ohio St.3d 14, 15 (1987). Further, the Court finds that Respondent is not prejudiced by the lack of service for two reasons: (1) the Court sent Requester's objections to Respondent via certified mail and received confirmation that they were received on December 9, 2024; and (2) the Court, for the reasons in this decision, overrules the objections and renders judgment in favor of Respondent.  Therefore, the Court will consider Requester's objections.

{¶3} In his November 14, 2024 R&R, the Special Master found that Requester did not meet her burden to provide some evidence that Respondent possesses the affidavits requested. Therefore, the Special Master recommended that judgment be entered for Respondent and Requester bear the costs of this case.

{¶4} Requester objected to the Special Master's finding that she did not provide proof of the affidavits' existence. In support of her objections Requester attached a Report and Recommendation from a case in the United States District Court, Northern District of Ohio that she did not submit to the Special Master prior to the R&R.

## II.     Law and Analysis

{¶5} When the Court is reviewing objections to a special master's report and recommendation, "R.C. 2743.75(F)(2) requires this court to function as a reviewing court for the purposes of determining the objections before it." *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, 2017-Ohio-4248, ¶ 8 (Ct. of Cl.). "'[A] reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Id.*, quoting *State v. Ishmail*, 54 Ohio St.3d 402 (1978). Therefore, the Court finds that it cannot consider the Report and Recommendation from the United States District Court, Northern District of Ohio that Requester attached to her objections.

{¶6} Where a public office asserts that all records have been provided, a requester must provide sufficient evidence that the records exist in order to succeed on a public records claim. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177. If the public office provides affidavit testimony that no records exist, the requester must provide clear and convincing evidence that the records do exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246. However, "some evidence" is sufficient if the office does not provide affidavit testimony negating the existence of additional responsive records. *Sultaana* at ¶ 37-43. Some evidence exists if the requester establishes facts that would usually result in the existence of the additional records or if other records refer to or otherwise suggest the existence of the additional records. *Id.*; *Mattis v Toledo Police Dept.*, 2023-Ohio-4878 (Ct. of Cl.). Here, some evidence would be required to prove the existence of unproduced responsive records.

After a careful review of the record, the Court finds that Requester did not provide any evidence. Therefore, the Court finds that the Special Master did not err in determining that Requester failed to meet her burden. Requester's objection is OVERRULED.

### III. Conclusion

{¶7} For the reasons set forth above, the Court OVERRULES Requester's objections and ADOPTS the Special Master's Report and Recommendation. In accordance with the R&R (1) judgment is entered in favor of Respondent and (2) costs are assessed against Requester.[2] The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed December 30, 2024**
**Sent to S.C. Reporter 1/21/25**

---

[2] On November 1, 2024, prior to the issuance of the R&R, Respondent filed a Motion to Dismiss. As this case has been decided on the merits, the Motion is DENIED as MOOT.