[Cite as *Trader v. Ontario Local School Dist.*, 2025-Ohio-2374.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ASHLEE TRADER | Case No. 2025-00123PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| ONTARIO LOCAL SCHOOL DISTRICT | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) order respondent to produce the records/take the actions identified in the appendix to this report and recommendation within 30 days of the entry of a judgment on this report and recommendation; (2) order respondent to file and serve a certification that it has taken those actions within 40 days of the entry of a judgment on this report and recommendation; (3) find that respondent unreasonably delayed its response to requester's requests; (4) order requester recover her filing fee and costs from respondent; (5) order that respondent bear the balance of the costs of this case; and (6) deny all other relief.

## I.  Background.

{¶2} Requester Ashlee Trader's sons Guy and Garrison were students at the respondent Ontario Local School District ("Ontario"). Ontario believed that Guy was involved in an incident on August 21, 2024, that Garrison was involved in an incident on August 23, 2024, and took disciplinary actions against them. Ms. Trader made multiple public records requests for all records related to the incidents and Ontario's response to them. Ontario produced 935 pages of records, withheld other records because it viewed them as being exempted from the class of public records, and asserted that it had no records responsive to several of those requests. *Requester's Evidence in Support of*

*Public Records Complaint*, filed April 28, 2025 ("*Requester's Evidence*"), pp. 5-17, 21-27; *PQ Miscellaneous*, filed June 4, 2025, 935-page PDF document ("*Produced Records*").[1]

{¶3} Ms. Trader filed this case disputing the sufficiency of Ontario's response. She asserts several claims: that Ontario failed to produce all records responsive to her requests, that it unduly delayed its response to her requests, that Ontario disclosed student information in violation of the Family Educational Rights and Privacy Act ("FERPA"), and that it retaliated against her and her sons. She seeks an order requiring the production of records, damages, and attorney fees. Mediation did not resolve the case, and a schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule, as modified, has run its course, making this case ripe for decision. *Complaint*, filed February 14, 2025, pp. 1-4; *Order Terminating Mediation*, entered April 16, 2025; *Order*, entered May 1, 2025; *Corrected Order*, entered May 12, 2025; *Order*, entered June 6, 2025.

## II. Analysis.
### A. This court lacks jurisdiction over requester's FERPA and retaliation claims.

{¶4} Ontario's May 21, 2025, *Motion to Dismiss* argues that this court lacks jurisdiction over this case because it turns in part on FERPA. *Id*. at pp. 6-8. Ontario is correct as to requester's affirmative FERPA claim, but mistaken to the extent it asserts that the court lacks jurisdiction to determine whether FERPA justifies the withholdings at issue here.

{¶5} This case was brought pursuant to R.C. 2743.75. R.C. 2743.75(A) grants this court jurisdiction to resolve "disputes alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code," but does not otherwise give it jurisdiction over political subdivisions. *Myers v. Paint Twp*., 2024-Ohio-4784, ¶ 17, adopted October 21, 2014 (Ct. of Cl. Case No. 2024-00426PQ). Ms. Trader's affirmative claim that Ontario disclosed information in violation of FERPA is not based on R.C. 149.43. It is therefore beyond this court's jurisdiction.

---

[1] All references to specific pages of filings in this case are to the pages of the PDF copies of those filings.

{¶6} The Court does however have jurisdiction to vet Ontario's reliance upon FERPA to withhold records. R.C. 2743.75(A) gives the court jurisdiction to decide whether a public office has violated R.C. 149.43(B). That necessarily gives it jurisdiction to determine whether the office has properly invoked one of the exceptions to R.C. 149.43(B); the court would otherwise lack the ability to decide whether R.C. 149.43(B) has been violated. Ontario invokes FERPA to bring itself within one of those exceptions, R.C. 149.43(A)(1)(v). The court therefore has jurisdiction to consider whether FERPA does in fact bring Ontario within that.

{¶7} One additional jurisdictional issue should be addressed: whether the court has jurisdiction over Ms. Trader's retaliation claim. That claim does not assert a violation of R.C. 149.43(B), so I recommend that the court *sua sponte* dismiss that claim. *Five Guys Dev., LLC v. Ohio Dept. of Transp.*, 2025-Ohio-520, ¶ 13 (Ct. of Cl.).

{¶8} In sum, I recommend that respondent's motion to dismiss be GRANTED, in part, and DENIED, in part, and that court *sua sponte* dismiss respondent's retaliation claim for lack of jurisdiction.

**B. Requester's production claim should be granted in part**.

{¶9} Ms. Trader made multiple public records requests. Ontario produced some records, responded that it did not have records responsive to some of her requests, and withheld others based on FERPA and R.C. 3319.321. Ontario contends that it has produced all responsive records, except those exempted from the class of public records by FERPA and R.C. 3319.321. *Requester's Evidence*, pp. 21-27; *Produced Records*; *MTD*, pp. 6-9.

{¶10} Ms. Trader's production claim is moot to the extent that Ontario produced the public records she sought, but she argues that her production claim remains alive in several respects because Ontario has not produced all the records responsive to her requests. She has identified several specific records that she claims should have been, but were not, produced. She also asserts that Ontario has not produced all records

regarding the August 21, 2024 incident.[2] *Requester's Reply to Respondent's Motion to Dismiss*, filed May 15, 2025 ("*Reply*"), pp. 3-4.

### 1. Specific records.

{¶11} Ms. Trader argues that Ontario failed to provide three specific sets of records responsive to her requests.

### a. Videos of the August 21, 2024, incident.

{¶12} Ms. Trader requested copies of videotapes of an incident that occurred on August 21, 2024. Ontario withheld five videos because they are covered by FERPA and R.C. 3319.321. Ontario has filed those videos for in camera review. *Reply*, pp. 3-4; *Requester's Evidence*, p. 24.

{¶13} *FERPA*. 20 U.S.C. §1232g(b) prohibits federally funded educational institutions from releasing "education records" without proper consent. Ontario's most recent audit reports that Ontario receives federal funding. Ohio Auditor of State, *Ontario Local School District, Richland County, single Audit for the year ended June 30, 2024,* (March 11, 2025).[3] The special master takes judicial notice of that fact pursuant to *State ex rel. Pike Cty. Convention & Visitor's Bur. v. Pike Cty. Bd. of Commrs.*, 2021-Ohio-4031, ¶ 3, n. 2. Ontario must therefore comply with FERPA.

{¶14} These videos are "education records." "For purposes of FERPA, the term 'education records' means 'those records, files, documents, and other materials which—(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.'" *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 2012-Ohio-2690, ¶ 27 (quoting 20 U.S.C. § 1232g(a)(4)(A)). The videos contain information directly related to students, images of

---

[2] Many of the *Produced Records* contain redactions, but Ms. Trader has not specifically challenged those redactions. This report therefore does not analyze those redactions. *State ex rel. Sultaana v. Mansfield Corr. Inst*., 2023-Ohio-1177, ¶ 24, n. 2. See also, *Welsh-Huggins v. Jefferson County Prosecutor's Office*, 2020-Ohio-5371, ¶ 29 (scrutiny of exemptions triggered when "the government's asserted exemption is challenged"); *State ex rel. Repository v. Nova Behavioral Health, Inc*., 2006-Ohio-6713, 859 N.E.2d 936, ¶ 41(claim not pled is not considered).

[3] Available at https://ohioauditor.gov/auditsearch/Reports/2025/Ontario_LSD_24_Richland_FINAL.pdf (accessed June 12 , 2025), p. 87.

them traversing the grounds of one of Ontario's campuses. That is evident from the videos themselves. Further, Ontario's maintenance of these records is evidenced by the fact that Ontario was able to retrieve and file them. Ontario has therefore carried its burden of proving that the videos are covered by FERPA. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 35.

{¶15} That does not justify Ontario withholding the videos in their entirety. R.C. 149.43(B)(1) requires Ontario to release those portions of the videos that do not identify individual students. *ESPN*, 2012-Ohio-2690, ¶¶ 34, 35*; Hachten v. Ohio Univ*., 2020-Ohio-4518, ¶¶ 10, 11, adopted, 2020-Ohio-4903 (Ct. of Cl.). I therefore recommend that Ontario be ordered to produce copies of the videos of the August 21, 2024, incident, redacted to obscure the identities of the students in the videos.

{¶16} *R.C. 3319.321*. R.C. 3319.321(B) prohibits the release of personally identifiable information about students without proper consent. Although R.C. 3319.321 does not define "personally identifiable information," that term has acquired a technical and particular meaning that includes pictures of the person at issue. *Cent. Dauphin School Dist. v. Hawkins,* 286 A.3d 726, 743-744 (Pa.2022); *Sabra v. U. S. Customs & Border Protectio*n, 2023 U.S. Dist. LEXIS 15577 (D.D.C. Jan. 31, 2023), ** 22-23. R.C. 1.42 therefore requires that R.C. 3319.321 be construed to protect images of students. These videos contain images of students, and hence personally identifiable information within the meaning of R.C. 3319.321.

{¶17} That does not however justify withholding the videos in their entirety. Instead, they should be released with personally identifiable information redacted. *Patton v. Solon City School Dist*., 2017-Ohio-9415, ¶¶ 14, 15, adopted March 21, 2018 (Ct. of Cl. Case No. 2017-00570PQ).

### b. Video of the August 23, 2024, incident.

{¶18} Ms. Trader requested a copy of a surveillance video of an incident that occurred on August 23, 2024, involving her son Garrison. That request was made on September 3, 2025. Ontario's counsel has represented that Ontario's surveillance system automatically recorded over previously recorded material after seven days, and that the video therefore did not exist after August 30, 2024. *Requester's Evidence*, p. 7; *Recording*

*of June 6, 2025, Status Conference* at 7:45 through 13:35; *Respondent's Response to Requester's Memorandum regarding August 23, 2024 Video*, filed June 11, 2025, p. 3.

{¶19} Ontario has not supported that assertion with sworn evidence, so Ms. Trader is entitled to have Ontario produce a copy of the video or to certify that it does not exist if she provides "some evidence" that it does in fact exist. *Sell v. Trumbull Cty. Juv. Div.*, 2024-Ohio-6139, ¶ 6 (Ct. of Cl.). "Some evidence exists if . . . other records refer to or otherwise suggest the existence of the additional records." *Id*.

{¶20} Ms. Trader has produced substantial evidence that the August 23 video existed after August 30, 2024. Ontario had previously balked at producing this video and the videos of the August 21 incident because of its view that the video was exempted from production by FERPA, a proposition Ms. Trader disputed. Ontario and Ms. Trader resolved that controversy by agreeing that someone from Ontario would review the videos and provide Ms. Trader with summaries of their contents. On September 25, 2024, Ms. Trader emailed Ontario to ask who would review the videos. Ontario responded that same day by identifying who would review the video involving Garrison (the August 23 video), stating that "Jordyn Eckert *will be* reviewing Garrison's video," indicating that the review had not occurred as of that date. (Emphasis added). The summary was provided on September 27, 2024. *Complaint*, pp. 62, 69, 77; *Requester's Evidence*, pp. 21-22, 24. That indicates that the video existed between September 25 and 27; it could not have been summarized otherwise. All of that is evidence that the video existed more than seven days after it was recorded.

{¶21} I therefore recommend that Ontario be ordered to either produce the August 23 video or certify that it does not exist. If Ontario does produce the video, it should redact it to protect third parties' statutory privacy rights.

### c. Parental Consent Form.

{¶22} The attachments to Ms. Trader's complaint included a copy of a September 27, 2024, letter from Ontario's counsel. That letter addressed, among other things, Ms. Trader's earlier question about an email Ms. Trader had received that disclosed information about another student, and whether that disclosure violated FERPA. Ontario's counsel explained that the other student's parent had consented to the disclosure of that student's name. Sometime after she received counsel's September 27 letter, Ms. Trader

requested a copy of the signed consent form. Ms. Trader argues that her production claim remains alive as to that form because Ontario did not produce it. *Complaint*, pp. 9, 11; *Reply*, pp. 3, 4.

**{¶23}** Any claim about the form fails because it was not asserted in the body of Ms. Trader's complaint. A requester cannot obtain relief on a record request attached to a R.C. 2743.75 complaint when it is not among the requests specifically identified as a basis for relief in the body of the complaint. For example, in *Schaffer v. Ohio State Univ.*, 2024-Ohio-2185, adopted, 2024-Ohio-2625 (Ct. of Cl.), the requester identified several records requests in the body of his complaint, and attached copies of another request not mentioned in the body of the complaint. This court held that the requester could not obtain relief on the request not identified in the body of his complaint. 2024-Ohio-2185, ¶¶ 58-65. See also *Myers*, 2024-Ohio-4784, ¶ 5.

**{¶24}** The same pattern is present here. The body of Ms. Trader's complaint identified her August 23 and September 3, 2024, requests as the basis for her claims. The relief she seeks about the consent form is based on a request that was not made until September 27, 2024. That request was not mentioned in the body of her complaint. She therefore cannot obtain relief regarding the form

### 2. Additional records related to the August 21 incident.

**{¶25}** Ontario claims that it has produced all records responsive to all of Ms. Trader's requests. *MTD*, pp. 9-10. I take that to include records responsive to her requests for records related to the August 21 incident. Ontario has not supported that assertion with sworn evidence, so Ms. Trader is entitled to have Ontario produce additional records or to certify that no additional records exist if she provides "some evidence" that Ontario has additional responsive records. *Sell,* 2024-Ohio-6139, ¶ 6.

**{¶26}** Ms. Trader produced copies of social media exchanges from an individual who witnessed the August 21 incident stating that he sent Ontario an email about the incident that Ontario did not produce. She has also produced a copy of that email. *Requester's Evidence*, pp. 97-102. Ontario has not challenged the admissibility of that evidence.

**{¶27}** That is some evidence that Ontario has additional records responsive to Ms. Trader's requests for records related to the August 21 incident. I therefore recommend

that Ontario be ordered to produce all other records related to that incident that it has not already produced and to certify that no additional records exist. Any additional records produced should be redacted to protect third parties' statutory privacy rights.

***

{¶28} In sum, I recommend that Ontario be ordered to produce additional records in response to Ms. Trader's requests or to certify that no responsive records exist. Those actions are specified in the appendix to this report and recommendation.

**C**. **Respondent unreasonably delayed its production of the videos**.

{¶29} R.C. 149.43(B)(1) mandates that "upon request *** a public office *** shall make copies of the requested public record available to the requester *** *within a reasonable period of time*." (Emphasis added). A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *State ex rel. Kesterson v. Kent State Univ*., 2018-Ohio-5108, ¶ 16. Several factors indicate that Ontario unreasonably delayed its response to Ms. Trader's requests for videos of the August 21 and 23 incidents.

{¶30} First, the delay here is longer than delays found unreasonable in other cases. Although each delay claim turns on its own facts, some guidance is provided by similar cases. Ms. Trader's requests were made more than eight months ago, in late August and early September of 2025. Ontario has yet to produce the August 21 and 23 videos. That is longer than the delays found to be unreasonable in other cases. See *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 17 (10th Dist.); *Jones v. Columbus Div. of Police*, 2025-Ohio-465, ¶ 21 (10th Dist.) (both surveying cases). While not conclusive, that suggests that the delay here was unreasonable.

{¶31} Second, those requests sought a limited number of records and presented limited review/redaction issues. Public offices are given more time to respond to requests for large volumes or diverse types of records. Conversely, they are allowed less time for narrower requests. Compare *State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Kesterson*, 2018-Ohio-5108, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, ¶ 7 (8th Dist.) and *Easton Telecom Servs., LLC. v. Village of Woodmere*, 2019-Ohio-3282, ¶¶ 46-49 (8th Dist.); with *Miller v. Ohio Dept. of Education,*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *State ex rel. Ware v. Bur. of Sentence*

*Computation*, 2022-Ohio-3562, ¶ 19 (10th Dist.); and *Foulk v. City of Upper Arlington*, 2017-Ohio-4249, ¶ 11, adopted 2017-Ohio-5767 (Ct. of Cl.). Relatedly, more time is allowed if the volume or nature of responsive records make legal review/redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (Ct. of Cl.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 2009-Ohio-442, ¶ 10 (10th Dist.); *State ex rel. Korecky v. City of Cleveland*, 2020-Ohio-273, ¶ 19 (8th Dist.); *Ware*, 2022-Ohio-3562, ¶ 19.

{¶32} The requests for the videos were limited, seeking only two sets of records. Quantitively, they generated a relatively small volume of responsive records. Qualitatively, the review/redaction issues were straight forward. It should not have taken Ontario multiple months days to analyze the redaction/withholding issues involved.

{¶33} Third, the production only occurred after litigation commenced. Courts are more likely to find a delayed production unreasonable if it occurs after commencement of litigation. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 2020-Ohio-4920, ¶ 9 (8th Dist.). That makes sense; it is difficult to justify a delay that requires the requester, the courts, and the public office (and the taxpayers who fund them), to expend time and money on an avoidable controversy. That is what we have here.

{¶34} I therefore recommend that the court find that Ontario violated R.C. 149.43(B)(1) by unreasonably delaying its response to this request.

### D. Requester is entitled to recover her filing fee and costs; respondent should bear the balance of the costs.

{¶35} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Ms. Trader was aggrieved by Ontario's failure to produce the records listed in the appendix to this report and by its delay in responding to her requests. I therefore recommend that she recover her filing fee and the costs she incurred in this case. I also recommend that Ontario bear the balance of the costs of this case.

### E. Other claims.

{¶36} Ms. Trader seeks damages pursuant to R.C. 149.43(C), but they are not available in cases brought pursuant to R.C. 2743.75. *Doe v. Ohio State Univ*., 2024-Ohio-5891, ¶¶ 42-55 (10th Dist.).

{¶37} Ms. Trader also seeks attorney fees, but that relief is not available in cases brought under R.C. 2743.75. *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 20, adopted 2023-Ohio-2322 (Ct. of Cl.)

### III. Conclusion.

{¶38} In light of the foregoing, I recommend that the court:

(A)   Order respondent to produce the records/take the actions identified in the appendix to this report and recommendation within 30 days of the entry of a judgment on this report and recommendation;

(B)   Order respondent to file and serve a certification that it has taken those actions within 40 days of the entry of a judgment on this report and recommendation;

(C)   Find that respondent unreasonably delayed the production of the records requested;

(D)   Order respondent to pay requester's filing fee and costs and the balance of the costs of this case, and

(E)   Deny all other relief.

{¶39} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI

**Appendix**
**Records to be produced/actions to be taken**

Produce copies of the videos of the August 21, 2024, incident redacted to obscure information protected by FERPA or R.C. 3319.321.

Produce copies of the video of the August 23, 2024, incident redacted to obscure information protected by FERPA or R.C. 3319.321 or certify that no such video exists.

Produce all records related to the August 21, 2024 incident not previously produced and certify that no additional records exist. Any additional records produced should be redacted to protect third parties' statutory privacy rights.

**Filed June 16, 2025**
**Sent to S.C. Reporter 7/3/25**