[Cite as *Hanson v. Etna Twp.*, 2025-Ohio-2880.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JON HANSON | Case No. 2025-00243PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| ETNA TOWNSHIP | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) dismiss for lack of jurisdiction the claims based on requester's August 12 and September 18, 2024, public records requests; (2) order respondent to produce the records identified in the appendix to this report and recommendation within 30 days of the entry of a judgment adopting this recommendation; (3) order respondent to file and serve a certification that it has taken those actions within 40 days of the entry of a judgment adopting this report and recommendation; (4) order respondent to pay requester his filing fee and costs and to pay all other costs of this case; and (5) deny all other relief.

## I. Background.

{¶2} Requester Jon Hanson made multiple public records requests to respondent Etna Township between May 24 December 29, 2024. Etna had produced no records by the time this case was filed on March 10, 2025. *Complaint*, filed March 10, 2025.

{¶3} Mediation was initially bypassed because of how long Mr. Hanson's requests had been pending and a schedule was set for the parties to file evidence and memoranda supporting their positions. The parties later moved to submit the case to mediation, that motion was granted, the case schedule was vacated, and the parties began negotiating outside of the mediation process. A tentative agreement was apparently reached but fell apart when Etna ceased communications with its former counsel. That counsel withdrew

and a new schedule was set for the submission of evidence and memoranda. That schedule has run its course, making this case ripe for decision. *Order Bypassing Mediation*, entered March 18, 2025; *Order*, entered April 2, 2025; *Order Scheduling Mediation Conference*, entered April 17, 2025; *Motion to Withdraw as Counsel for Responden*t, filed May 27, 2025; *Order on Pending Motions and Requiring Information Pursuant to R.C. 2743.75(E)(3)(c)*, entered May 29, 2025; *Order,* entered June 12, 2025.

## II.  Analysis.

### A. The court should pass on all records requests addressed in the complaint or both parties' memoranda.

{¶4} This case is presented in an unusual posture: requester's complaint only specifically documents three records requests, but the parties' memoranda address many more requests. I recommend that the court rule on each request that was either presented through Mr. Hanson's complaint or that both parties addressed in their memoranda. There are two bases for that recommendation.

{¶5} *First, the parties implicitly consented to resolution of the requests they both addressed*. Although a court considering a public records case will not ordinarily consider unpled claims, that rule is not absolute. Supreme Court precedent suggests that unpled public records claims can be resolved when the parties implicitly consent to their adjudication within the meaning of Civ. R. 15(B). *State ex rel. Taxpayers Coalition v. City of Lakewood*, 86 Ohio St.3d 385, 391(1999). Civ. R. 15(B) provides that a court may consider unpled claims, "and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that [consideration of the claim] would prejudice him[.]" The Supreme Court has recognized that trial courts have discretion in deciding whether unpled claims will be decided. *State ex rel. Evans v. Bainbridge Twp. Trustees*, 5 Ohio St.3d 41 (1983), paragraph 3 of the syllabus. The Court has identified factors that guide the exercise of that discretion. They include "whether [the parties] recognized that an unpleaded issue entered the case" and "whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be tried on a different theory[.]" *Id*. at paragraph 3 of the syllabus. This court has applied similar analyses in cases brought under R.C. 2743.75. *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 8, adopted 2023-

Ohio-2322 (Ct. of Cl.); *Lane v Portage County Sheriff's Office*, 2025-Ohio-2414, ¶ 8, n. 2, adopted 2025-Ohio-2413 (Ct. of Cl.).

{¶6} The factors identified in Civ. R. 15(B) and *Bainbridge* support the consideration of all the requests that both parties have addressed in their briefing. That would subserve the resolution of the merits of the parties' dispute. Neither party asserted that it would be prejudiced by the consideration of those requests. The parties' memoranda shows that they were both aware that the unpled requests had entered the case. Both parties had a fair opportunity to address those requests and submitted substantial evidence regarding them. The parties therefore implicitly consented to the resolution of all requests that they both addressed in their briefs.

{¶7} *Second, failing to resolve all mutually addressed requests would frustrate the "economical" resolution of the parties' public records disputes*. The "General Assembly created the special proceeding in R.C. 2743.75 to provide for an . . . 'economical' procedure to resolve public-records disputes." *Grant v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1619, ¶ 4 (Ct. of Cl.). The "General Assembly thus has intended a procedure . . . that should avoid[] [the] waste of money and time." *Id*. at ¶ 4, n. 1. The parties' evidence and memoranda provide all that is necessary to resolve the requests that they have both briefed. Failing to utilize those submissions would waste the money and time invested in them.

{¶8} I therefore recommend that the court resolve all claims related to all requests that were either raised in the complaint or addressed in both parties' memoranda.

**B. Requester is entitled to relief on some, but not all, of his requests.**

{¶9} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis,* 2002-Ohio-7041, ¶ 8. A public records claim can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶10} A claim remains alive if the requester asserts that the respondent has additional public records responsive to the underlying request that have not been produced. The requester has the burden of proving that additional responsive records

exist if the respondent asserts that it has produced all responsive records. The requester need only provide "some evidence" of the existence of additional records if the respondent does not support its assertion with sworn evidence. *Sell v. Trumbull Cty. Juv. Div.*, 2024-Ohio-6139, ¶ 6 (Ct. of Cl.).

**1. The court should deny relief on claims based on Requester's May 24, 2024, request.**

{¶11} This request sought, among other things, "[e]mail messages, voicemail messages, text messages, Facebook messages, letters, or memoranda to or from any Trustee sent or received within the last 30 days related to zoning violations." Both parties addressed this request in their memoranda, so it is properly before the court through implied consent. Etna has made an unsworn assertion that it has produced all records responsive to this request, but Mr. Hanson contends that additional responsive records exist that were not produced: texts and Facebook messages. Mr. Hanson bases that contention on Trustee Evans' purported public statements that he frequently communicates through those means. Although evidence of such statements may exist, Mr. Hanson has not produced it, but has provided nothing other than his assertion in his unsworn memorandum. *PQ Miscellaneous*, *Requester's evidence in support of claims*, 52 page PDF document, filed June 18, 2025 ("*Requester's Evidence*"), pp. 1-2; *PQ Miscellaneous, Respondent's notice of filing responsive records*, filed June 18, 2025 ("*Notice*"), pp. 1, 3; *PQ Motion to Dismiss Complaint*, filed June 25, 2025 ("*MTD*"), p. 4; *PQ Miscellaneous, Requester's reply to respondent's motion to dismiss*, filed July 7, 2025 ("*Reply*"), p. 3. [1]

{¶12} Such unsworn assertions are not evidence. *Hickman v. Ford Motor Co.*, 52 Ohio App.2d 327, 330 (8th Dist.1977); *Meadows v. Freedom Banc, Inc.*, 2005-Ohio-1446, ¶ 20 (10th Dist.); *Staton*, 2023-Ohio-1860, ¶ 16. There is consequently no evidence rebutting Etna's assertion that it has produced all responsive records, so Mr. Hanson has

---

[1] All references to specific pages of filings in this case are to the pages of the PDF copies posted on the court's docket, rather than to any internal pagination.

not met his burden of proof. *Sell*, 2024-Ohio-6139, ¶ 6. I therefore recommend that the court grant no relief regarding this request.

### 2. The court should deny relief on claims based on Requester's first June 13, 2024, request.

{¶13} This request sought copies of bills from Etna's outside counsel. Both parties addressed this request in their memoranda, and it is properly before the court through implied consent. Etna asserts that it has produced all records responsive to this request, and Mr. Hanson has not challenged the completeness of Etna's production or Etna's redactions.[2] *Requester's Evidence*, p. 3; *Notice*, pp. 1, 3; *MTD*, p. 4; *Reply*, p. 3. I therefore recommend that the court grant no relief regarding this request.

### 3. The court should deny relief on claims based on Requester's second June 13, 2024, request.

{¶14} This request sought "copies of email messages, text messages, Facebook messages, or correspondence wherein Mark Evans is a sender or recipient, and Rachel Zelazny is a sender or recipient between January 1, 2024 and June 13, 2024." Both parties addressed this request in their memoranda, so it is properly before the court through implied consent. Etna makes the unsworn assertion that it has produced all records responsive to this request, but Mr. Hanson contends that additional responsive records exist that were not produced: text messages. Mr. Hanson bases that contention on Trustee Evans' purported public statements that he frequently communicates through texts. Although evidence of such statements may exist, Mr. Hanson has not produced it, and has provided nothing but his assertion in his unsworn memorandum. *Requester's Evidence*, p. 4; *Notice*, pp. 1, 4; *MTD*, p. 4; *Reply*, p. 3.

{¶15} Such unsworn assertions are not evidence. *Hickman*, 52 Ohio App.2d at 330; *Meadows,* 2005-Ohio-1446, ¶ 20; *Staton*, 2023-Ohio-1860, ¶ 16. There is consequently no evidence rebutting Etna's assertion that it has produced all responsive records, so Mr.

---

[2] Although most of Etna's productions were redacted, Mr. Hanson has not challenged any of those redactions. I therefore will not scrutinize them. *Trader v. Ontario Local School Dist.*, 2025-Ohio-2374, ¶ 10, fn. 2, adopted July 10, 2025 (Ct. of Cl. Case No. 2025-00123PQ).

Hanson has not met his burden of proof. *Sell*, 2024-Ohio-6139, ¶ 6. I therefore recommend that the court grant no relief regarding this request.

4. **The court should deny relief on claims based on Requester's June 14, 2024, request**.

{¶16} This request sought "copies of email messages, text messages, Facebook messages, or correspondence wherein Mark Evans is a sender or recipient, and Litichia McIntyre is a sender or recipient between March 1, 2024 and June 14, 2024." Both parties addressed this request in their memoranda, so it is properly before the court through implied consent. Etna has made an unsworn assertion that it has produced all records responsive to this request, but Mr. Hanson asserts, without explanation or supporting evidence, that Etna's production is incomplete. *Requester's Evidence*, p 5; *Notice*, pp. 1, 4; *MTD*, p. 4 *Reply*, p. 4.

{¶17} Mr. Hanson has not met his burden of proof. *Sell*, 2024-Ohio-6139, ¶ 6. I therefore recommend that the court grant no relief regarding this request.

5. **The court should deny relief on claims based on Requester's June 30, 2024, request**.

{¶18} This request sought "copies of email messages to or from any Trustee sent or received within the last 30 days related to the agenda for meetings of the Board of Trustees." Both parties addressed this request in their memoranda, so it is properly before the court through implied consent. Etna has made an unsworn assertion that it has produced all records responsive to this request, but Mr. Hanson asserts, without explanation or supporting evidence, that Etna's production is incomplete. *Requester's Evidence*, p 6; *Notice*, pp. 1, 4; *MTD*, p. 4; *Reply*, p. 4.

{¶19} Mr. Hanson has not met his burden of proof. *Sell*, 2024-Ohio-6139, ¶ 6. I therefore recommend that the court grant no relief regarding this request.

6. **The court lacks jurisdiction to grant relief on claims based on Requester's August 12, 2024, request**.

{¶20} This request sought "a copy of the video recording of the August 6, 2024 Board of Trustees meeting made by Trustee Mark Evans." This request was raised in Mr. Hanson's complaint and hence is properly before the court independent of implied

consent. He asserts, and Etna does not deny, that this record no longer exists because it was not retained by Trustee Evans. Mr. Hanson seeks relief related to what he views as the improper destruction of a public record. *Complaint*, pp. 9, 10; *Reply*, p. 4.

{¶21} This court only has jurisdiction over claims against political subdivisions if they assert violations of R.C. 149.43(B). *Myers v. Paint Twp.*, 2024-Ohio-4784, ¶ 17, adopted October 21, 2014 (Ct. of Cl. Case No. 2024-00426PQ). Claims asserting the failure to properly retain records arise under other statutes and hence are beyond this court's jurisdiction. *Robinson v. Village of Alexandria*, 2018-Ohio-1581, ¶ 16, adopted 2018-Ohio-1719 (Ct. of Cl.). I therefore recommend that the court dismiss this claim without prejudice.

### 7. The court should deny relief on claims based on Requester's first September 17, 2024, request.

{¶22} This request sought recordings of executive sessions of Etna's trustees. This request was raised in Mr. Hanson's complaint and hence is properly before the court independent of implied consent. Etna has made an unsworn assertion that it has produced all records responsive to this request, and Mr. Hanson has not challenged the completeness of Etna's production. *Complaint*, p. 2; *Requester's Evidence*, p. 13; *Notice*, pp. 1, 4; *Reply*, p. 4. I therefore recommend that the court grant no relief regarding this request.

### 8. The court should deny relief on claims based on Requester's second September 17, 2024, request.

{¶23} This request sought a copy of an email from the Licking County Prosecutor's office. Both parties addressed this request in their memoranda, so it is properly before the court through implied consent. Etna has made an unsworn assertion that it has produced all records responsive to this request, and Mr. Hanson has not challenged the completeness of Etna's production. *Requester's Evidence*, p. 14; *Notice*, pp. 1, 5; *MTD*, p. 5; *Reply*, p. 4. I therefore recommend that the court grant no relief regarding this request.

9. **The court lacks jurisdiction to grant relief on claims based on Requester's September 18, 2024, request**.

{¶24} This request sought "copies of the video recordings made by Mark Evans of the Trustees' meetings held on August 6, 2024 and September 17, 2024 without the additions and commentary added by Mr. Evans prior to posting to his YouTube account." This request was raised in Mr. Hanson's complaint and hence is properly before the court independent of implied consent. He asserts, and Etna does not deny, that this record no longer exists because it was not retained by Trustee Evans. Mr. Hanson seeks relief related to what he views as the improper destruction of a public record. *Complaint*, p. 11; *Reply*, p. 5.

{¶25} This court only has jurisdiction over claims against political subdivisions if they assert violations of R.C. 149.43(B). *Myers*, 2024-Ohio-4784, ¶ 17. Claims asserting the failure to properly retain records lie under other statutes and are consequently beyond this court's jurisdiction. *Robinson* 2018-Ohio-1581, ¶ 16. I therefore recommend that the court dismiss this claim without prejudice.

10. **The court should order respondent to produce records responsive to requester's October 13, 2024, request, subject to redactions to protect third parties' statutory privacy rights.**

{¶26} This request sought copies "of each email wherein Lance Schultz is a sender or recipient and any Trustee is a sender or recipient." Both parties addressed this request in their submissions, so it is properly before the court through implied consent. Etna did not produce records in response to this request, but instead asserted, for the first time after this case was filed, that the request was overbroad or ambiguous. *Requester's Evidence*, p. 16; *Notice*, p.5; *MTD*, p.5

{¶27} Etna waived that objection by not raising it before this case was filed. *Schaffer v. Ohio State Univ.*, 2024-Ohio-2185, ¶¶ 45, 46, adopted, 2024-Ohio-2625 (Ct. of Cl.). It has not otherwise contested this request. I therefore recommend that Etna be ordered to produce all records responsive to this request, subject to redactions to protect third parties' statutory privacy rights.

**11. The court should order respondent to produce records responsive to requester's October 19, 2024, request, subject to redactions to protect third parties' statutory privacy rights.**

{¶28} This request sought copies "of each email wherein Mark Evans is a sender or recipient and Gary Burkholder is a sender or recipient sent or received since September 19, 2024." Both parties addressed this request in their submissions, so it is properly before the court through implied consent. Etna did not produce records in response to this request, but instead asserted, for the first time after this case was filed, that the request was overbroad or ambiguous. *Requester's Evidence*, p. 17; *Notice*, p., 5; *MTD,* p.5

{¶29} Etna waived that objection by not raising it before this case was filed. *Schaffer*, 2024-Ohio-2185, ¶¶ 45, 46. It has not otherwise contested this request. I therefore recommend that Etna be ordered to produce all records responsive to this request, subject to redactions to protect third parties' statutory privacy rights.

**12. The court should deny relief on claims based on Requester's first December 20, 2024, request.**

{¶30} Although there is no copy of this request in the record, both parties agree that it sought a list of all public record requests pending without a response. Both parties addressed this request in their submissions, so it is properly before the court through implied consent. Etna responded to the request with an unsworn statement that no such list exists. *Notice*, pp. 5-6; *MTD*, pp. 5-6; *Reply* p. 5.

{¶31} Mr. Hanson therefore had the burden of coming forward with evidence that the list in fact exists. *Sell*, 2024-Ohio-6139, ¶ 6. He has presented no evidence on this point. I therefore recommend that the court deny relief on this request.

**13. The court should order respondent to produce records responsive to requester's second December 20, 2024 request, subject to redactions to protect third parties' statutory privacy rights.**

{¶32} This request sought "copies of text messages between Mark Evans and Steve Slyh between February 1, 2023, and November 30, 2023." Both parties addressed this request in their submissions, so it is properly before the court through implied consent. Etna did not produce records in response to this request, but instead, asserted for the

first time after this case was filed, that the request was overbroad or ambiguous. *Requester's Evidence*, p. 21; *Notice*, p.6; *MTD,* p.5

{¶33} Etna waived that objection by not raising it before this case was filed. *Schaffer*, 2024-Ohio-2185, ¶¶ 45, 46. It has not otherwise contested this request. I therefore recommend that Etna be ordered to produce all records responsive to this request, subject to redactions to protect third parties' statutory privacy rights.

### 14. Requester's December 29, 2024, request is not properly before the court.

{¶34} This request sought "copies of emails sent by Mark Evans between November 1, 2024 and the present." *Requester's Evidence*, p. 22. This request was neither raised in Mr. Hanson's complaint nor addressed in Etna's submissions. It is therefore beyond the scope of this case.

### C. Requester is entitled to recover his filing fee and costs; respondent should bear the balance of the costs.

{¶35} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Mr. Hanson was aggrieved by Etna withholding the records responsive to his October 13, October 19, and December 20 requests. I therefore recommend that he recover his filing fee and the costs he incurred in this case from Etna. I also recommend that Etna bear the balance of the costs of this case.

## III. Conclusion.

{¶36} In light of the foregoing, I recommend that the court:

A. Dismiss for lack of jurisdiction the claims based on requester's August 12 and September 18, 2024, public record requests;

B. Order respondent to produce the records identified in the appendix to this report and recommendation within 30 days of the entry of a judgment adopting this recommendation.

C. Order respondent to file and serve a certification that it has taken those actions within 40 days of the entry of a judgment adopting this report and recommendation.

D.  Order respondent to pay requester his filing fee and costs and all other costs of this case.

E.  Deny all other relief.

{¶37} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

## Appendix
## Records to be produced

Each email wherein Lance Schultz is a sender or recipient and any Trustee is a sender or recipient.

Each email wherein Mark Evans is a sender or recipient and Gary Burkholder is a sender or recipient sent or received since September 19, 2024.

Text messages between Mark Evans and Steve Slyh between February 1, 2023, and November 30, 2023

**Filed July 14, 2025**
**Sent to S.C. Reporter 8/14/25**